## DAVIDSON v. PENNSYLVANIA R. CO.
### Civ. No. 10801.

United States District Court
E. D. Pennsylvania.
July 2, 1952.

864

John M. McNally, Jr., Philadelphia, Pa., for plaintiff.

Theodore Voorhees, Philadelphia, Pa., for defendant.

CLARY, District Judge.

Plaintiff, 58 years of age, a railroad engineer for some 35 years, sued his employer the Pennsylvania Railroad Company for injuries sustained early in the morning of June 10, 1947, at Lockhaven, Pennsylvania. Early that morning at about 2:40 a. m. plaintiff, after filling the tank of his tender with water, walked over the top of the tender toward the rear ladder for the purpose of descending to the ground. A foreign object alleged to be a piece of wire located on top of the tender tripped him, causing him to fall from the top of the tender, striking the drawhead and then falling to the track below. There was testimony that the plaintiff suffered a fracture of the right hand and wrist and an injury to the back resulting in a post-traumatic neurosis in the nature of conversion hysteria. These injuries totally incapacitated the plaintiff from performing his work and he has not worked since the day of the accident to the present. His loss of wages to date total about $22,000 and his life expectancy is about 15 years. The action was tried under the Boiler Inspection Act, 45 U.S.C.A. § 22. The jury returned a verdict in favor of the plaintiff in the sum of $30,000.

No complaint is made by the defendant of the verdict insofar as liability is concerned. Neither is the Court's charge criticized, the defendant conceding that it was fair and impartial. The sole contention of the defendant is that the verdict is so excessive that either a new trial should be awarded or the verdict substantially reduced. The primary basis of the defendant's argument is that a blood test made by the defendant's doctors on February 1, 1952, 3 days before the trial, indicated that the plaintiff was in the advanced stages of a venereal disease. Three tests were made, one negative and two positive. The testimony further indicated that the plaintiff has been under the care of defendant's physicians for a period of 4 years prior to the trial and that he had seen a railroad physician at least once a month during that time.

Based on the foregoing, defendant contended at trial and now contends that the incapacity was the result of disease not injury. That contention was submitted to the jury in what the defendant concedes to be a "fair and impartial" charge. It was the province of the jury to resolve the conflict as to whether disability was occasioned by the injuries or by disease. There was evidence to support the finding that disability resulted from the injuries. The jury having found in favor of the plaintiff, all inferences favorable to the plaintiff must be adopted in the consideration of this motion. I cannot say that a verdict of $30,000 for 4 years disability, which verdict includes loss of wages totalling approximately $22,000, is so excessive as to shock the conscience of the Court. Consequently, the motion for a new trial will be dismissed. An Order will be entered accordingly.